UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FAYE TURNER, Plenary Guardian of the Estate and Person of JOHN JOHNSON, a Disabled Person, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| LOYOLA UNIVERSITY HEALTH SYSTEM AND DR. SHERINE HANNA, ) ) ) | Formerly case No. 2009 L 4927 Circuit Court of Cook County, Illinois |
| Defendants. ) ) | |

## Exhibit List

A.  Complaint filed in Circuit Court of Cook County

B.  Certification by AUSA Thomas P. Walsh

**Ex. A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| Faye Turner, Plenary Guardian of The Estate and Person of John Johnson, a disabled person,<br><br>Plaintiffs<br><br>v.<br><br>Loyola University Health System and Dr. Sherine Hanna<br><br>Defendants | No.<br><br><br><br>Calendar: | 09 L 4927<br><br><br><br>"A" |

### APPEARANCE

☑ **GENERAL APPEARANCE** (0900 – APPEARANCE – FEE PAID; 0909 – APPEARANCE – NO FEE; 0904 – APPEARANCE FILED – FEE WAIVED)

☐ **SPECIAL AND LIMITED APPEARANCE** 0915 – SPECIAL APPEARANCE – FEE PAID

☐ **JURY DEMAND** 1900 – APPEARANCE & JURY DEMAND FEE PAID; 1909 APPEARANCE & JURY DEMAND NO FEE

The undersigned enters the appearance of:   ☐ Plaintiff   ☑ Defendants

### SHERINE HANNA, M.D. and LOYOLA UNIVERSITY HEALTH SYSTEM
(INSERT LITIGANT'S NAME)

_Dykema Gossett PLLC / Patricia Nowak_
SIGNATURE

☑ INITIAL COUNSEL OF RECORD        ☐ PRO SE
☐ ADDITIONAL APPEARANCE             ☐ SUBSTITUTE APPEARANCE

A copy of this appearance shall be given to all parties who have appeared and have not been found by the Court to be in default.

ATTORNEY
    Patricia Cari Nowak
NAME   Dykema Gossett
ATTORNEY FOR   Defendant
ADDRESS   10 S. Wacker Drive – Suite 2300
CITY   Chicago, Illinois   60606
TELEPHONE   (312) 876-1700
INSURANCE COMPANY
ATTORNEY NUMBER   42297

NAME
ATTORNEY FOR:
ADDRESS
CITY
TELEPHONE
INSURANCE COMPANY
ATTORNEY NUMBER

CHICAGO\2684876.1
ID\PCN - 093242/1927

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Re:   *Faye Turner, Plenary Guardian of the Estate and Person of John Johnson, a disabled person vs. Loyola University Health System and Dr. Sherine Hanna*
      Court No. 09 L 4927

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, hereby certifies that she served a copy of the foregoing attached documents to all counsel of record and depositing said in the U.S. Mail at 10 South Wacker Drive, Suite 2300, Chicago, Illinois 60606-7407, postage prepaid, before the hour of 5:00 pm, on May 21, 2009:

**Plaintiff Attorney**
John F. Winters, Jr.
Winters, Enright, Salzetta and
O'Brien, LLC.
111 West Washington Street
Suite 1200
Chicago, Illinois 60602
(312) 236-6324
(312) 236-6426 (Fax)

☒    Under penalties as provided by law pursuant to ILL. REV.
     STAT. CHP 110 Sec 1-109, I certify that the statements set
     forth herein are true and correct.

                                             _____
                                             Carolyn Surovic

CHICAGO\2685171.1
ID\PCN - 093242/1927

JUL. 9. 2009 3:31PM NO. 0157 P. 4

04/29/2009 WED 13:27 FAX 708 216 5578 LUMC CLAIMS MANAGEMENT ☒004/013

File 832
2009L004927
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS CALENDAR/ROOM A
COUNTY DEPARTMENT, LAW DIVISION TIME 00:00
Medical Malpractice

FAYE TURNER, PLENARY GUARDIAN OF )
THE ESTATE AND PERSON OF JOHN JOHNSON, )
A DISABLED PERSON, )
    Plaintiff, )
)
v. ) No.:
)
LOYOLA UNIVERSITY HEALTH SYSTEM AND ) JURY DEMAND
DR. SHERINE HANNA, )
    Defendants. )

### PLAINTIFF'S COMPLAINT AT LAW

NOW COMES, the Plaintiff, FAYE TURNER, Plenary Guardian of the Estate and Person of JOHN JOHNSON, a disabled person, by and through her attorneys, WINTERS ENRIGHT SALZETTA & O'BRIEN, L.L.C., and complaining of the Defendant, LOYOLA UNIVERSITY HEALTH SYSTEM, states as follows:

### COUNT I

1. At all times mentioned herein, Defendant, LOYOLA UNIVERSITY HEALTH SYSTEM, a not-for-profit corporation, was a corporation organized, recognized and existing under the laws of the State of Illinois.

2. That on, prior and subsequent to September 19, 2007, Defendant, LOYOLA UNIVERSITY HEALTH SYSTEM, a not-for-profit corporation, owned, operated, managed, maintained and controlled a Clinical Trials Program for purposes of performing clinical research in various areas of medicine, including but not limited to anesthesiology.

3. That the Defendant, LOYOLA UNIVERSITY HEALTH SYSTEM, a not-for-profit corporation, acting through its agents, held itself out and otherwise informed the public,

and in this instance, the Plaintiff's Ward, JOHN JOHNSON, that its employees and agents possessed the requisite skill, competence, facilities, personnel, equipment, and information, including anesthesiology facilities and medical personnel adequately trained and capable of rendering timely and informed treatment to patients that may take part in a clinic research project that LOYOLA UNIVERSITY HEALTH SYSTEM sponsors.

4. On September 19, 2007, the Defendant, LOYOLA UNIVERSITY HEALTH SYSTEM, a not-for-profit corporation, through its employees and agents, did then and there sponsor a clinical research project through LOYOLA UNIVERSITY HEALTH SYSTEM'S Department of Anesthesiology that took place at Hines V.A. Hospital.

5. On September 19, 2007, the Plaintiff's Ward, JOHN JOHNSON, did then and there appear at the Hines V.A. Hospital for purposes of undergoing a dental surgical procedure that would involve anesthesia.

6. On September 19, 2007, the Defendant, DR. SHERINE HANNA, in accordance with the clinical research project sponsored by the Defendant, LOYOLA UNIVERSITY HEALTH SYSTEM, performed a pre-operative anesthesia evaluation of the Plaintiff's Ward, JOHN JOHNSON, and determined that placing the breathing tube in his windpipe may be difficult and may need to be done while he was awake, in what is known as awake tracheal intubation. Upon making that evaluation, the Defendant, DR. SHERINE HANNA, determined that the Plaintiff's Ward, JOHN JOHNSON, was a candidate for the study sponsored by the Department of Anesthesiology of the Defendant, LOYOLA UNIVERSITY HEALTH SYSTEM and asked the Plaintiff's Ward, JOHN JOHNSON, to participate.

7. That at all times mentioned herein, the Defendant, LOYOLA UNIVERSITY HEALTH SYSTEM, a not-for-profit corporation, through its employees and agents, had a duty

to render care and treatment to the Plaintiff's Ward, JOHN JOHNSON, in accordance with the accepted standards of prevailing medical practice and opinion in the greater Chicago area in 2007 and to exercise that degree of care and caution commonly exercised by other members of the medical community.

8. That the Defendant, LOYOLA UNIVERSITY HEALTH SYSTEM, a not-for-profit corporation, by and through its agents and/or servants and other medical personnel, were then and there guilty of violating that duty by committing one or more of the following wrongful acts or omissions in treating the Plaintiff's Ward:

   a. Failed to adequately and appropriately review the medical history of the Plaintiff's Ward so as to the determine if the Plaintiff's Ward was at high risk for a cardiac arrest;
   b. Failed to place a defibrillator in the operating room, as a review of the past medical history of the Plaintiff's Ward, in particular his cardiac medical history, made it more than clear that the Plaintiff's Ward was at high risk for cardiac arrest during the surgical procedure;
   c. Failed to respond in a timely manner to the Plaintiff's Ward's cardiac arrest with the use of a defibrillator;
   d. Improperly administered a series of epinephrine injections without the intermittent use of a defibrillator in response to the Plaintiff's Ward's cardiac arrest;
   e. Failed to properly monitor the Plaintiff's Ward while the surgical procedure was in process;
   f. Failed to utilize the knowledge and skill of a reasonably well-qualified physician; or
   g. Failed to properly care for and treat the Plaintiff's Ward, JOHN JOHNSON.

9. That Faye Turner was appointed Plenary Guardian of the Estate and Person of JOHN JOHNSON, a disabled person and is authorized to have the care, management, and investment of the Ward's estate and custody of the Ward and to do all acts required by law, in accordance with the Letters of Office issued in the Estate of Johnson, 2007 P 008196, dated

3

January 17, 2008. (See Attached Exhibit "A" – Letters of Office – Plenary Guardian of Estate of a Disabled Person, appointing Faye Turner January 17, 2008).

10. That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, LOYOLA UNIVERSITY HEALTH SYSTEM, through the acts of its agents, employees, servants and/or medical personnel, the Plaintiff's Ward, JOHN JOHNSON, was injured and suffered damages of both a personal and pecuniary nature and continues to suffer damages of a personal and pecuniary nature, permanently.

11. Pursuant to the requirements of 2-622 of the Code of Civil Procedure 735 ILCS 5/2-622, the Plaintiff attaches an Attorney's Affidavit and medical report.

WHEREFORE, the Plaintiff, FAYE TURNER, as Plenary Guardian of the Estate of JOHN JOHNSON, a disabled person, prays for judgment against the Defendant, LOYOLA UNIVERSITY HEALTH SYSTEM, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT II

NOW COMES, the Plaintiff, FAYE TURNER, Plenary Guardian of the Estate and Person of JOHN JOHNSON, a disabled person, by and through her attorneys, WINTERS ENRIGHT SALZETTA & O'BRIEN, L.L.C., and complaining of the Defendant, DR. SHERINE HANNA, individually and as an agent/employee of LOYOLA UNIVERSITY HEALTH SYSTEM, states as follows:

1. On and prior to September 19, 2007, the Defendant, DR. SHERINE HANNA, was a duly licensed physician in the State of Illinois and engaged in the practice of medicine in the State of Illinois..

4

2. On September 19, 2007, the Defendant, DR. SHERINE HANNA, was a physician and assistant professor within the Department of Anesthesiology at the Defendant, LOYOLA UNIVERSITY HEALTH SYSTEM.

3. On September 19, 2007, the Defendant, LOYOLA UNIVERSITY HEALTH SYSTEM, a not-for-profit corporation, through its employees and agents, did then and there sponsor a clinical research project through LOYOLA UNIVERSITY HEALTH SYSTEM'S Department of Anesthesiology that took place at Hines V.A. Hospital.

4. On September 19, 2007, the Plaintiff's Ward, JOHN JOHNSON, did then and there appear at the Hines V.A. Hospital for purposes of undergoing a dental surgical procedure that would involve anesthesia.

5. On September 19, 2007, Defendant, DR. SHERINE HANNA, was the principle investigator for a research study involving Awake Tracheal Intubation in Anticipated Difficult Airways: Fastrach vs. Flexible Bronchoscope, a Pilot Study that was sponsored by the Anesthesiology Department of LOYOLA UNIVERSITY HEALTH SYSTEM.

6. On September 19, 2007, the Defendant, DR. SHERINE HANNA, in accordance with the clinical research project sponsored by the Defendant, LOYOLA UNIVERSITY HEALTH SYSTEM, performed a pre-operative anesthesia evaluation of the Plaintiff's Ward, JOHN JOHNSON, and determined that placing the breathing tube in his windpipe may be difficult and may need to be done while he was awake, in what is known as awake tracheal intubation. Upon making that evaluation, the Defendant, DR. SHERINE HANNA, determined that the Plaintiff's Ward, JOHN JOHNSON, was a candidate for the study sponsored by the Department of Anesthesiology of the Defendant, LOYOLA UNIVERSITY HEALTH SYSTEM and asked the Plaintiff's Ward, JOHN JOHNSON, to participate.

5

7. That at all times mentioned herein, the Defendant, DR. SHERINE HANNA, had a duty to render care and treatment to the Plaintiff's Ward, JOHN JOHNSON, in accordance with the accepted standards of prevailing medical practice and opinion in the greater Chicago area in 2007 and to exercise that degree of care and caution commonly exercised by other members of the medical community.

8. That the Defendant, DR. SHERINE HANNA, were then and there guilty of violating that duty by committing one or more of the following wrongful acts or omissions in treating the Plaintiff's Ward:

   a. Failed to adequately and appropriately review the medical history of the Plaintiff's Ward so as to the determine if the Plaintiff's Ward was at high risk for a cardiac arrest;
   b. Failed to place a defibrillator in the operating room, as a review of the past medical history of the Plaintiff's Ward, in particular his cardiac medical history, made it more than clear that the Plaintiff's Ward was at high risk for cardiac arrest during the surgical procedure;
   c. Failed to respond in a timely manner to the Plaintiff's Ward's cardiac arrest with the use of a defibrillator;
   d. Improperly administered a series of epinephrine injections without the intermittent use of a defibrillator in response to the Plaintiff's Ward's cardiac arrest;
   e. Failed to properly monitor the Plaintiff's Ward while the surgical procedure was in process;
   f. Failed to utilize the knowledge and skill of a reasonably well-qualified physician; or
   g. Failed to properly care for and treat the Plaintiff's Ward, JOHN JOHNSON.

9. That Faye Turner was appointed Plenary Guardian of the Estate and Person of JOHN JOHNSON, a disabled person and is authorized to have the care, management, and investment of the Ward's estate and custody of the Ward and to do all acts required by law, in accordance with the Letters of Office issued in the Estate of Johnson, 2007 P 008196, dated

6

January 17, 2008. (See Attached Exhibit "A" — Letters of Office — Plenary Guardian of Estate of a Disabled Person, appointing Faye Turner January 17, 2008).

10. That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, DR. SHERINE HANNA, individually and as agents/employee of LOYOLA UNIVERSITY HEALTH SYSTEM, the Plaintiff's Ward, JOHN JOHNSON, was injured and suffered damages of both a personal and pecuniary nature and continues to suffer damages of a personal and pecuniary nature, permanently.

11. Pursuant to the requirements of 2-622 of the Code of Civil Procedure 735 ILCS 5/2-622, the Plaintiff attaches an Attorney's Affidavit and medical report.

WHEREFORE, the Plaintiff, FAYE TURNER, as Plenary Guardian of the Estate of JOHN JOHNSON, a disabled person, prays for judgment against the Defendant, DR. SHERINE HANNA, individually and as an agent/employee of LOYOLA UNIVERSITY HEALTH SYSTEM, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

Respectfully submitted,

WINTERS ENRIGHT SALZETTA & O'BRIEN, L.L.C.

By: _____
John P. Winters, Jr., one of the attorneys for the Plaintiff

Winters Enright Salzetta & O'Brien, L.L.C.
111 West Washington Street
Suite 1200
Chicago, Illinois 60602
(312) 236-6324
(312) 236-6426 Fax
Firm ID No.:  37483

File 832

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| FAYE TURNER, PLENARY GUARDIAN OF THE ESTATE AND PERSON OF JOHN JOHNSON, A DISABLED PERSON, <br> Plaintiff, <br><br> v. <br><br> LOYOLA UNIVERSITY HEALTH SYSTEM AND DR. SHERINE HANNA, individually <br> Defendants. | No.: <br><br> JURY DEMAND |

### AFFIDAVIT

I, John F. Winters, Jr., the affiant being duly sworn on oath, state:

1. I am one of the attorneys responsible for the handling of this case.

2. Our office has consulted with a physician that is board certified in anesthesiology and is familiar with the issues and procedures involved in this case; has practiced within the last 20 years in the same area of medicine that is at issue in this particular action; is qualified by experience in the subject of the case and who has reviewed the pertinent medical records and is of the opinion that the Defendants, Loyola University Health System and Dr. Sherine Hanna, deviated from the standard of care in their treatment of the Plaintiff's ward, John Johnson.

3. Based upon the aforesaid consultant's review, the Affiant has concluded that there is a reasonable and meritorious basis for filing this action against the Defendants.

John F. Winters, one of the attorneys for the Plaintiff

Subscribed and sworn to before me, this 24 day of April 2009.

Notary Public

Winters Enright Salzetta & O'Brien, L.L.C.
111 West Washington Street, Suite 1200
Chicago, Illinois 60602
(312) 236-6324 / (312) 236-6426 Fax
Firm ID No.: 37483

OFFICIAL SEAL
MELISSA L SANCHEZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/02/12

## MEDICAL REPORT

1. I am a licensed physician practicing in medicine in all of its branches for more than 20 years. I am board certified in anesthesiology.

2. I have reviewed the medical records from Hines V.A. Hospital and Loyola University Medical Center.

3. It is my opinion based upon a reasonable degree of medical certainty that the Defendants, Dr. Sherine Hanna and Loyola Medical Center, by and through its agents and employees, deviated from the standard of care by:

   a. Failed to adequately and appropriately review the medical history of the Plaintiff so as to determine if the Plaintiff was at high risk for a cardiac arrest;

   b. Failed to place a defibrillator in the operating room, as a review of the past medical history of the Plaintiff, in particular his cardiac medical history, made it more than clear that the Plaintiff was at high risk for cardiac arrest during the surgical procedure;

   c. Failed to respond in a timely manner to the Plaintiff's cardiac arrest with the use of a defibrillator;

   d. Improperly administered a series of Epinephrine injections without the intermittent use of a defibrillator in response to the Plaintiff's cardiac arrest;

   e. Failed to properly monitor the Plaintiff while the surgical procedure was in process;

   f. Failed to utilize the knowledge and skill of reasonably well qualified physicians; or

   g. Failed to properly care for and treat John Johnson.

4. The failure of each of the above-named Defendants to properly treat the patient has caused damages of a personal and pecuniary nature resulting in injury to John Johnson.

5. Based upon my review, I believe that there is a reasonable and meritorious basis for the filing of this action.

JUL. 9. 2009 3:33PM NO. 0157 P. 13

04/29/2009 WED 13:31 FAX 708 216 6578 LUMC CLAIMS MANAGEMENT @013/013

File 832

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| FAYE TURNER, PLENARY GUARDIAN OF THE ESTATE AND PERSON OF JOHN JOHNSON, A DISABLED PERSON, <br> Plaintiff, <br><br> v. <br><br> LOYOLA UNIVERSITY HEALTH SYSTEM AND DR. SHERINE HANNA, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) No.: <br> ) <br> ) JURY DEMAND <br> ) <br> ) |

### JURY DEMAND

The undersigned hereby demands a trial by a jury of 12 on behalf of the Plaintiff.

Respectfully submitted,

WINTERS ENRIGHT SALZETTA & O'BRIEN, L.L.C.

By: _____
John P. Winters, Jr., one of the attorneys for the Plaintiff

Winters Enright Salzetta & O'Brien, L.L.C.
111 West Washington Street
Suite 1200
Chicago, Illinois 60602
(312) 236-6324
(312) 236-6426 Fax
Firm No. 37483

**Ex. B**

## CERTIFICATION

Pursuant to the provisions of 28 U.S.C. § 2679, as amended, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Faye Turner, Plenary Guardian, etc. v. Loyola Univ. Health System and Dr. Sherine Hanna*, No. 2009 L 004927 (Circuit Court of Cook County, Illinois), and that on the basis of the information now available with respect to the incidents referred to therein, I certify that defendant Dr. Sherine Hanna was acting within the scope of her employment as an employee of the United States at the time of the incidents out of which the claim arose.

Dated: July 17, 2009

_Thomas Walsh_
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
   for the Northern District of Illinois