## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FAYE TURNER, PLENARY GUARDIAN OF THE ESTATE AND PERSON OF JOHN JOHNSON, A DISABLED PERSON,<br>    **Plaintiff,**<br><br>v.<br><br>UNITED STATES, ELIZABETH WALSH, DDS., Individually, DARELL R. NEMEC, CRNA, Individually, DR. SHERINE HANNA, Individually and LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM<br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>) No.: 1:09-CV-04606<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S AMENDED COMPLAINT AT LAW

NOW COMES, the Plaintiff, FAYE TURNER, Plenary Guardian of the Estate and Person of JOHN JOHNSON, a disabled person, by and through her attorneys, WINTERS ENRIGHT SALZETTA & O'BRIEN, L.L.C., and complaining of the Defendants, UNITED STATES, ELIZABETH WALSH, DDS., Individually, DARELL R. NEMEC, CRNA, Individually, SHERINE HANNA, M.D., Individually and LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, and each of them, states as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction is founded upon 28 U.S.C. §2679 – Removal of the cause of action from the Circuit Court of Cook County, State of Illinois, based upon certification by the Attorney General's designee.  Furthermore, supplemental jurisdiction is founded upon 28 U.S.C. §1367(a) as to the Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM.  Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under State law.

2.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

## COUNT I – UNITED STATES OF AMERICA
## (NEGLIGENCE)

1.      That on or about September 19, 2007, and at all times relevant, the Defendant, UNITED STATES, operated a not-for-profit medical facility, commonly known as Hines V. A. Hospital - Department of Veteran's Affairs Medical Center in the City of Hines, County of Cook, State of Illinois.

2.      On or about September 19, 2007, and at all times relevant, the Defendant, UNITED STATES, operated the aforementioned not-for-profit medical facility, commonly known as Hines V.A. Hospital – Department of Veteran's Affairs Medical Center, including a dental services department and an anesthesiology services department, wherein it provided rooms, laboratories, technicians, nursing services, and physician services to patients in its dental department and would avail those patients to the anesthesiology department if needed.

3.      On or about September 19, 2007, and at all times relevant, the Defendant, UNITED STATES, held itself out and otherwise informed the public, and in this instance, the Plaintiff's ward, JOHN JOHNSON, that it had and possessed the requisite skill, competence, facilities, personnel, equipment, and information, including dental room facilities and anesthesiology facilities and medical personnel adequately trained and capable of rendering timely and informed dental and anesthetic treatment to patients at the aforementioned Hines V.A. Hospital – Department of Veteran's Affairs Medical Center.

4.      On or about September 19, 2007, and at all times relevant, the Defendant, ELIZABETH WALSH, DDS, (hereinafter WALSH), was a dental physician duly licensed to

2

practice dentistry in the State of Illinois, and was engaged in the practice of her profession in the City of Hines, County of Cook, State of Illinois.

5.    On or about September 19, 2007, and at all times relevant, the Defendant, SHERINE HANNA, M.D. (hereinafter HANNA), was an anesthesiologist duly licensed to practice anesthesiology in the State of Illinois, and was engaged in the practice of her profession in the City of Hines, County of Cook, State of Illinois.

6.    On or about September 19, 2007, and at all times relevant, the Defendant, WALSH, was an employee and/or apparent agent of the Defendant, UNITED STATES, practicing as a dental physician at the aforementioned Hines V.A. Hospital – Department of Veteran's Affairs Medical Center.

7.    On or about September 19, 2007, and at all times relevant, the Defendant, DARELL R. NEMEC, CRNA, (hereinafter NEMEC), was a certified registered nurse anesthetist, licensed as provided by the laws of the State of Illinois, and was engaged in the practice of her profession in the City of Hines, County of Cook, State of Illinois.

8.    On or about September 19, 2007, and at all times relevant, the Defendant, NEMEC, was an employee and/or apparent agent of the Defendant, UNITED STAES, practicing as a certified nurse assistant at the aforementioned Hines V.A. Hospital – Department of Veteran's Affairs Medical Center.

9.    That the Defendant, NEMEC, was held out to be a duly qualified and acting certified registered nurse anesthetist, as such was required to possess and apply knowledge and use the skill and care which reasonably well qualified registered nurse anesthetists would ordinarily use in similar cases and circumstances.

10. On or about September 19, 2007, the Plaintiff's ward, JOHN JOHNSON, was a patient appearing at the Hines V.A. Hospital for purposes of undergoing a dental surgical procedure that would involve anesthesia.

11. On or about September 19, 2007, the Defendant, UNITED STATES, a not-for-profit corporation, through its employees and agents, did then and there sponsor a clinical research project along with the Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM'S, DEPARTMENT OF ANESTHESIOLOGY that took place at Hines V.A. Hospital.

12. On September 19, 2007, the Defendant, UNITED STATES, by and through its employees and agents at Hines V.A. Hospital, performed a pre-operative anesthesia evaluation of the Plaintiff's ward, JOHN JOHNSON, and determined that placing the breathing tube in his wind pipe may be difficult and may need to be done while he was awake, in what is known as awake tracheal intubation. Upon making that evaluation, the Defendant, UNITED STATES, by and through its employees and agents at Hines V. A. Hospital, determined that the Plaintiff's ward, JOHN JOHNSON, was a candidate for the study sponsored by the Hines V. A. Hospital and LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM'S, DEPARTMENT OF ANESTHESIOLOGY, and asked the Plaintiff's ward, JOHN JOHNSON, to participate.

13. That at all times mentioned herein, the Defendant, UNITED STATES, through its employees and agents at Hines V. A. Hospital, a not-for-profit corporation, had a duty to render care and treatment to the Plaintiff's ward, JOHN JOHNSON, in accordance with the accepted standards of prevailing medical practice and opinion in the greater Chicago area in 2007 and to

exercise that degree of care and caution commonly exercised by other members of the medical community.

14.     That the Defendant, UNITED STATES, by and through its employees and agents of Hines V. A. Hospital, a not-for-profit corporation, were then and there guilty of violating that duty by committing one or more of the following wrongful acts or omissions in treating the Plaintiff's ward:

a.     Failed to adequately and appropriately review the medical history of the Plaintiff's Ward so as to the determine if the Plaintiff's Ward was at high risk for a cardiac arrest;

b.     Failed to place a defibrillator in the operating room, as a review of the past medical history of the Plaintiff's Ward, in particular his cardiac medical history, made it more than clear that the Plaintiff's Ward was at high risk for cardiac arrest during the surgical procedure;

c.     Failed to respond in a timely manner to the Plaintiff's Ward's cardiac arrest with the use of a defibrillator;

d.     Improperly administered a series of epinephrine injections without the intermittent use of a defibrillator in response to the Plaintiff's Ward's cardiac arrest;

e.     Failed to properly monitor the Plaintiff's Ward while the surgical procedure was in process;

f.     Failed to utilize the knowledge and skill of a reasonably well-qualified physician; or

g.     Failed to properly care for and treat the Plaintiff's Ward, JOHN JOHNSON.

15.     That FAYE TURNER was appointed Plenary Guardian of the Estate and Person of JOHN JOHNSON, a disabled person, and is authorized to have the care, management and investment of the ward's estate and custody of the ward and to do all acts required by law, in accordance with the Letters of Office issued in the Estate of John Johnson, 2007 P 008196, dated January 17, 2008.  (See attached Exhibit "A" – Letters of Office – Plenary Guardian of the Estate of a Disabled Person, appointing Faye Turner January 17, 2008).

5

16.     That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, UNITED STATES, through the acts or its employees, agents, servants, and/or medical personnel at the Hines V. A. Hospital, a not-for-profit corporation, the Plaintiff's ward, JOHN JOHNSON, was injured and suffered damages of both a personal and pecuniary nature and continues to suffer damages of a personal and pecuniary nature, permanently.

17.     Attached hereto is an Affidavit and medical report in compliance with §2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, the Plaintiff, FAYE TURNER, as Plenary Guardian of the Estate and Person of JOHN JOHNSON, a disabled person, demands judgment against the Defendant, UNITED STATES, in a sum of money in excess of Seventy Five Thousand Dollars ($75,000.00) plus all costs and expenses incurred in the prosecution of this lawsuit.

## COUNT II – WALSH (NEGLIGENCE)

1.     On or about September 19, 2007, and at all times relevant, the Defendant, UNITED STATES, operated a not-for-profit medical facility commonly known as Hines V. A. Hospital – Department of Veteran's Affairs Medical Center, in the City of Hines, County of Cook, State of Illinois.

2.     On or about September 19, 2007, and at all times relevant, the Defendant, UNITED STATES, operated the aforementioned not-for-profit medical facility commonly known as Hines V. A. Hospital – Department of Veteran's Affairs Medical Center, including a dental services department and an anesthesiology services department, wherein in provided rooms, laboratories, technicians, nursing services, and physician services to patients in its dental services department and anesthesiology department.

3.    On or about September 19, 2007, and at all times relevant, the Defendant, UNITED STATES, held itself out and otherwise informed the public and in this instance, the Plaintiff's ward, that it had and possessed the requisite skill, competence, facilities, personnel, equipment and information, including dental room facilities and anesthesiology facilities, as well as medical personnel that were adequately trained and capable of rendering timely and informed medical treatment in the area of dentistry and in the area of anesthesiology at the Hines V. A. Hospital.

4.    On or about September 19, 2007, and at all time relevant, the Defendant, ELIZABETH WALSH, DDS, (hereinafter WALSH), was a dentist/physician duly licensed to practice dental medicine in the State of Illinois, and was engaged in the practice of her profession in the City of Hines, County of Cook, State of Illinois.

5.    On or about September 19, 2007, and at all times relevant, the Defendant, WALSH, was an employee and/or apparent agent of the Defendant, UNITED STATES, practicing as a dental physician at the aforementioned Hines V. A. Hospital.

6.    The Defendant, WALSH, individually and as an employee and/or apparent agent of the Defendant, UNITED STATES, held herself out and otherwise informed the public, and in this instance, the Plaintiff's ward, that she had and possessed the requisite skill, competence, facilities, personnel, equipment and information, including dental room facilities and anesthesiology facilities, as well as medical personnel that were adequately trained and capable of rendering timely and informed dentistry treatment and anesthesiology treatment of patients at that facility.

7

7.      On or about September 19, 2007, and at all times relevant, the Plaintiff's ward, JOHN JOHNSON, did then and there appear at the Hines V. A. Hospital for purposes of undergoing a dental surgical procedure that would involve anesthesia.

8.      On September 19, 2007, and at all times relevant, the Defendant, WALSH, in accordance with the clinical research project sponsored by the Defendant, UNITED STATES, by and through Hines V. A. Hospital, and LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, performed a pre-operative anesthesia evaluation of the Plaintiff's ward, JOHN JOHNSON, and determined that placing the breathing tube in his wind pipe may be difficult and may need to be done while he was awake, in what is known as awake tracheal intubation.  Upon making that evaluation, the Defendant, WALSH, determined that the Plaintiff's ward, JOHN JOHNSON, was a candidate for the study sponsored by the Department of Anesthesiology of LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, and the Defendant, UNITED STATES, by and through Hines V. A. Hospital, and asked the Plaintiff's ward, JOHN JOHNSON, to participate.

9.      That at all times mentioned herein, the Defendant, WALSH, individually and as an employee and/or apparent agent of the Defendant, UNITED STATES, had a duty to render care and treatment to the Plaintiff's ward, JOHN JOHNSON, in accordance with the accepted standards of prevailing medical practice and opinion in the greater Chicago area in 2007 and to exercise that degree of care and caution commonly exercised by other members of the medical community.

10.     That the Defendant, WALSH, individually and the Defendant, UNITED STATES, by and through its aforementioned agents and/or servants and other medical personnel,

8

including the Defendant, WALSH, acting pursuant to the grant of privileges and after assuming

the care and treatment of JOHN JOHNSON, were then and there guilty of violating that duty by

committing one or more of the following wrongful acts or omissions in treating the Plaintiff's

ward:

a.     Failed to adequately and appropriately review the medical history of the Plaintiff's Ward so as to the determine if the Plaintiff's Ward was at high risk for a cardiac arrest;

b.     Failed to place a defibrillator in the operating room, as a review of the past medical history of the Plaintiff's Ward, in particular his cardiac medical history, made it more than clear that the Plaintiff's Ward was at high risk for cardiac arrest during the surgical procedure;

c.     Failed to respond in a timely manner to the Plaintiff's Ward's cardiac arrest with the use of a defibrillator;

d.     Improperly administered a series of epinephrine injections without the intermittent use of a defibrillator in response to the Plaintiff's Ward's cardiac arrest;

e.     Failed to properly monitor the Plaintiff's ward while the surgical procedure was in process;

f.     Failed to utilize the knowledge and skill of a reasonably well-qualified physician; or

g.     Failed to properly care for and treat the Plaintiff's Ward, JOHN JOHNSON.

11.     That FAYE TURNER was appointed Plenary Guardian of the Estate and Person

of JOHN JOHNSON, a disabled person and is authorized to have the care, management, and

investment of the ward's estate and custody of the ward and to do all acts required by law, in

accordance with the Letters of Office issued in the Estate of Johnson, 2007 P 008196, dated

January 17, 2008. (See attached Exhibit "A" – Letters of Office – Plenary Guardian of Estate of

a Disabled Person, appointing FAYE TURNER, January 17, 2008).

12.     That as a direct and proximate result of one or more of the aforesaid acts and/or

omissions of the Defendant, WALSH, individually and as an agent/servant for the Defendant,

UNITED STATES, the Plaintiff's ward, JOHN JOHNSON, was injured and suffered damages of

both a personal and pecuniary nature and continues to suffer damages of a personal and pecuniary nature, permanently.

13.     Pursuant to the requirements of the Illinois Code of Civil Procedure, 735 ILCS 5/2-622, the Plaintiff attaches an Attorney's Affidavit and medical report.

WHEREFORE, the Plaintiff, FAYE TURNER, as Plenary Guardian of the Estate and Person of JOHN JOHNSON, a disabled person, demands judgment against the Defendant, WALSH, individually, and as an agent/servant of the Defendant, UNITED STATES, through Hines V. A. Hospital, in a sum of money in excess of Seventy Five Thousand Dollars ($75,000.00).

## COUNT III – DARELL NEMEC CRNA (NEGLIGENCE)

1.      On or about September 19, 2007, and at all times relevant, the Defendant, UNITED STATES, operated a not-for-profit medical facility commonly known as Hines V. A. Hospital – Department of Veteran's Affairs Medical Center, in the City of Hines, County of Cook, State of Illinois.

2.      On or about September 19, 2007, and at all times relevant, the Defendant, UNITED STATES, operated the aforementioned not-for-profit medical facility commonly known as Hines V. A. Hospital – Department of Veteran's Affairs Medical Center, including a dental services department and an anesthesiology services department, wherein in provided rooms, laboratories, technicians, nursing services, and physician services to patients in its dental services department and anesthesiology department.

3.      On or about September 19, 2007, and at all times relevant, the Defendant, UNITED STATES, held itself out and otherwise informed the public and in this instance, the Plaintiff's ward, that it had and possessed the requisite skill, competence, facilities, personnel,

10

equipment and information, including dental room facilities and anesthesiology facilities, as well as medical personnel that were adequately trained and capable of rendering timely and informed medical treatment in the area of dentistry and in the area of anesthesiology at the Hines V. A. Hospital.

4.     On or about September 19, 2007, and at all time relevant, the Defendant, DARELL NEMEC, CRNA, (hereinafter NEMEC), was a certified registered nursing anesthetist duly licensed to practice nursing anesthetist in the State of Illinois, and was engaged in the practice of his profession in the City of Hines, County of Cook, State of Illinois.

5.     On or about September 19, 2007, and at all times relevant, the Defendant, NEMEC, was an employee and/or apparent agent of the Defendant, UNITED STATES, practicing as a certified registered nursing anesthetist at the aforementioned Hines V. A. Hospital.

6.     The Defendant, NEMEC, individually and as an employee and/or apparent agent of the Defendant, UNITED STATES, held himself out and otherwise informed the public, and in this instance, the Plaintiff's ward, that he had and possessed the requisite skill, competence, facilities, personnel, equipment and information, including dental room facilities and anesthesiology facilities, as well as medical personnel that were adequately trained and capable of rendering timely and informed dentistry treatment and anesthesiology treatment of patients at that facility.

7.     On or about September 19, 2007, and at all times relevant, the Plaintiff's ward, JOHN JOHNSON, did then and there appear at the Hines V. A. Hospital for purposes of undergoing a dental surgical procedure that would involve anesthesia.

8.     On September 19, 2007, and at all times relevant, the Defendant, NEMEC, in accordance with the clinical research project sponsored by the Defendant, UNITED STATES, by and through Hines V. A. Hospital, and LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, performed a pre-operative anesthesia evaluation of the Plaintiff's ward, JOHN JOHNSON, and determined that placing the breathing tube in his wind pipe may be difficult and may need to be done while he was awake, in what is known as awake tracheal intubation.  Upon making that evaluation, the Defendant, NEMEC, determined that the Plaintiff's ward, JOHN JOHNSON, was a candidate for the study sponsored by the Department of Anesthesiology of LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, and the Defendant, UNITED STATES, by and through Hines V. A. Hospital, and asked the Plaintiff's ward, JOHN JOHNSON, to participate.

9.     That at all times mentioned herein, the Defendant, NEMEC, individually and as an employee and/or apparent agent of the Defendant, UNITED STATES, had a duty to render care and treatment to the Plaintiff's ward, JOHN JOHNSON, in accordance with the accepted standards of prevailing medical practice and opinion in the greater Chicago area in 2007 and to exercise that degree of care and caution commonly exercised by other members of the medical community.

10.    That the Defendant, NEMEC, individually and the Defendant, UNITED STATES, by and through its aforementioned agents and/or servants and other medical personnel, including the Defendant, NEMEC, acting pursuant to the grant of privileges and after assuming the care and treatment of JOHN JOHNSON, were then and there guilty of violating that duty by

12

committing one or more of the following wrongful acts or omissions in treating the Plaintiff's ward:

     a.     Failed to adequately and appropriately review the medical history of the Plaintiff's Ward so as to the determine if the Plaintiff's Ward was at high risk for a cardiac arrest;

     b.     Failed to place a defibrillator in the operating room, as a review of the past medical history of the Plaintiff's Ward, in particular his cardiac medical history, made it more than clear that the Plaintiff's Ward was at high risk for cardiac arrest during the surgical procedure;

     c.     Failed to respond in a timely manner to the Plaintiff's Ward's cardiac arrest with the use of a defibrillator;

     d.     Improperly administered a series of epinephrine injections without the intermittent use of a defibrillator in response to the Plaintiff's Ward's cardiac arrest;

     e.     Failed to properly monitor the Plaintiff's Ward while the surgical procedure was in process;

     f.     Failed to utilize the knowledge and skill of a reasonably well-qualified physician; or

     g.     Failed to properly care for and treat the Plaintiff's Ward, JOHN JOHNSON.

11.     That FAYE TURNER was appointed Plenary Guardian of the Estate and Person of JOHN JOHNSON, a disabled person and is authorized to have the care, management, and investment of the ward's estate and custody of the ward and to do all acts required by law, in accordance with the Letters of Office issued in the Estate of Johnson, 2007 P 008196, dated January 17, 2008. (See attached Exhibit "A" – Letters of Office – Plenary Guardian of Estate of a Disabled Person, appointing FAYE TURNER, January 17, 2008).

12.     That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, NEMEC, individually and as an agent/servant for the Defendant, UNITED STATES, the Plaintiff's ward, JOHN JOHNSON, was injured and suffered damages of both a personal and pecuniary nature and continues to suffer damages of a personal and pecuniary nature, permanently.

13.     Pursuant to the requirements of the Illinois Code of Civil Procedure, 735 ILCS 5/2-622, the Plaintiff attaches an Attorney's Affidavit and medical report.

WHEREFORE, the Plaintiff, FAYE TURNER, as Plenary Guardian of the Estate and Person of JOHN JOHNSON, a disabled person, demands judgment against the Defendant, NEMEC, individually, and as an agent/servant of the Defendant, UNITED STATES, through Hines V. A. Hospital, in a sum of money in excess of Seventy Five Thousand Dollars ($75,000.00).

## COUNT IV – SHERINE HANNA, M.D. (NEGLIGENCE)

NOW COMES, the Plaintiff, FAYE TURNER, Plenary Guardian of the Estate and Person of JOHN JOHNSON, a disabled person, by and through her attorneys, WINTERS ENRIGHT SALZETTA & O'BRIEN, L.L.C., and complaining of the Defendant, DR. SHERINE HANNA, individually and as an agent/employee of LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, and/or UNITED STATES, by and through Hines V. A. Hospital, states as follows:

1.     On or about September 19, 2007, and at all times relevant, the Defendant, DR. SHERINE HANNA, (hereinafter HANNA), was a duly licensed physician in the State of Illinois and engaged in the practice of medicine in the State of Illinois.

2.     On or about September 19, 2007, and at all times relevant, the Defendant, HANNA, was a physician and assistant professor with the Department of Anesthesiology at LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, and upon information and belief, that on September 19, 2007, Defendant, HANNA, was also employed by the VA as an attending anesthesiologist at Hines V. A. Hospital and Director of Regional Anesthesia.

14

3.      On or about September 19, 2007, and at all times relevant, the Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, a not-for-profit corporation, through its employees and agents, did then and there sponsor a clinical research project through LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM'S, Department of Anesthesiology and Hines V. A. Hospital, that took place at Hines V. A. Hospital.

4.      On or about September 19, 2007, and at all times relevant, the Plaintiff's ward, JOHN JOHNSON, did then and there appear at the Hines V. A. Hospital for purposes of undergoing a dental surgical procedure that would involve anesthesia.

5.      On or about September 19, 2007, and at all times relevant, the Defendant, HANNA, was the principle investigator for a research study involving Awake Tracheal Intubation in Anticipated Difficult Airways:   Fastrich v. Flexible Bronchoscope, a Pilot Study that was sponsored by the anesthesiology department of LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, and upon information and belief by the Hines V. A. Hospital.

6.      On or about September 19, 2007, and at all times relevant, the Defendant, HANNA, in accordance with the clinical research project sponsored by LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, and upon information and belief, the Hines V. A. Hospital, performed a pre-operative anesthesia evaluation of the Plaintiff's ward, JOHN JOHNSON, and determined that placing the breathing tube in his wind pipe may be difficult and may need to be done while he was awake, in what is known as awake tracheal intubation.   Upon making that evaluation, the Defendant, HANNA, determined that the Plaintiff's ward, JOHN JOHNSON, was a candidate for the study

15

sponsored by the DEPARTMENT OF ANESTHESIOLOGY OF LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, and upon information and belief, by the Hines V. A. Hospital, and asked the Plaintiff's ward, JOHN JOHNSON, to participate.

    7.    That at all times mentioned herein, the Defendant, HANNA, had a duty to render care and treatment to the Plaintiff's ward, JOHN JOHNSON, in accordance with the accepted standards of prevailing medical practice and opinion in the greater Chicago area in 2007 and to exercise that degree of care and caution commonly exercised by other members of the medical community.

    8.    That the Defendant, HANNA, was then and there guilty of violating that duty by committing one or more of the following wrongful acts or omissions in treating the Plaintiff's ward:

    a.    Failed to adequately and appropriately review the medical history of the Plaintiff's Ward so as to the determine if the Plaintiff's Ward was at high risk for a cardiac arrest;

    b.    Failed to place a defibrillator in the operating room, as a review of the past medical history of the Plaintiff's Ward, in particular his cardiac medical history, made it more than clear that the Plaintiff's Ward was at high risk for cardiac arrest during the surgical procedure;

    c.    Failed to respond in a timely manner to the Plaintiff's Ward's cardiac arrest with the use of a defibrillator;

    d.    Improperly administered a series of epinephrine injections without the intermittent use of a defibrillator in response to the Plaintiff's Ward's cardiac arrest;

    e.    Failed to properly monitor the Plaintiff's Ward while the surgical procedure was in process;

    f.    Failed to utilize the knowledge and skill of a reasonably well-qualified physician; or

    g.    Failed to properly care for and treat the Plaintiff's Ward, JOHN JOHNSON.

9.  That That FAYE TURNER was appointed Plenary Guardian of the Estate and Person of JOHN JOHNSON, a disabled person and is authorized to have the care, management, and investment of the ward's estate and custody of the ward and to do all acts required by law, in accordance with the Letters of Office issued in the Estate of Johnson, 2007 P 008196, dated January 17, 2008. (See attached Exhibit "A" – Letters of Office – Plenary Guardian of Estate of a Disabled Person, appointing FAYE TURNER, January 17, 2008).

10.  That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, HANNA, the Plaintiff's ward, JOHN JOHNSON, was injured and suffered damages of both a personal and pecuniary nature and continues to suffer damages of a personal and pecuniary nature, permanently.

11.  Pursuant to the requirements of the Illinois Code of Civil Procedure, 735 ILCS 5/2-622, the Plaintiff attaches an Attorney's Affidavit and medical report.

WHEREFORE, the Plaintiff, FAYE TURNER, as Plenary Guardian of the Estate and Person of JOHN JOHNSON, a disabled person, demands judgment against the Defendant, DR. SHERINE HANNA, individually, in a sum of money in excess of Seventy Five Thousand Dollars ($75,000.00).

### COUNT V – LOYOLA UNIVERSITY MEDICAL CENTER, A DIVISION OF LOYOLA UNIVERSITY HEALTH SYSTEM (NEGLIGENCE)

1.  At all times mentioned herein, Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, a not-for-profit corporation, was a corporation organized, recognized and existing under the laws of the State of Illinois.

2. That on, prior and subsequent to September 19, 2007, Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, a not-for-profit corporation, owned, operated, managed, maintained and controlled a Clinical Trials Program for purposes of performing clinical research in various areas of medicine, including but not limited to anesthesiology.

3. That the Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, a not-for-profit corporation, acting through its agents, held itself out and otherwise informed the public, and in this instance, the Plaintiff's Ward, JOHN JOHNSON, that its employees and agents possessed the requisite skill, competence, facilities, personnel, equipment, and information, including anesthesiology facilities and medical personnel adequately trained and capable of rendering timely and informed treatment to patients that may take part in a clinic research project that LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, sponsors.

4. On or about September 19, 2007, and at all times relevant, the Defendant, SHERINE HANNA, M.D. (hereinafter HANNA), was an anesthesiologist duly licensed to practice anesthesiology in the State of Illinois, and was engaged in the practice of her profession in the City of Hines, County of Cook, State of Illinois.

5. On September 19, 2007, the Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, a not-for-profit corporation, through its employees and agents, did then and there sponsor a clinical research project through LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM'S, Department of Anesthesiology that took place at Hines V.A. Hospital.

18

6.      On September 19, 2007, the Plaintiff's Ward, JOHN JOHNSON, did then and there appear at the Hines V.A. Hospital for purposes of undergoing a dental surgical procedure that would involve anesthesia.

7.      On September 19, 2007, the Defendant, DR. SHERINE HANNA, in accordance with the clinical research project sponsored by the Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, performed a pre-operative anesthesia evaluation of the Plaintiff's Ward, JOHN JOHNSON, and determined that placing the breathing tube in his windpipe may be difficult and may need to be done while he was awake, in what is known as awake tracheal intubation. Upon making that evaluation, the Defendant, DR. SHERINE HANNA, determined that the Plaintiff's Ward, JOHN JOHNSON, was a candidate for the study sponsored by the Department of Anesthesiology of the Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, and asked the Plaintiff's Ward, JOHN JOHNSON, to participate.

8.      That at all times mentioned herein, the Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM , a not-for-profit corporation, through its employees and agents, had a duty to render care and treatment to the Plaintiff's Ward, JOHN JOHNSON, in accordance with the accepted standards of prevailing medical practice and opinion in the greater Chicago area in 2007 and to exercise that degree of care and caution commonly exercised by other members of the medical community.

9.      That the Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, a not-for-profit corporation, by and through its agents and/or servants and other medical personnel, were then and there guilty of violating

that duty by committing one or more of the following wrongful acts or omissions in treating the

Plaintiff's Ward:

- a. Failed to adequately and appropriately review the medical history of the Plaintiff's Ward so as to the determine if the Plaintiff's Ward was at high risk for a cardiac arrest;
- b. Failed to place a defibrillator in the operating room, as a review of the past medical history of the Plaintiff's Ward, in particular his cardiac medical history, made it more than clear that the Plaintiff's Ward was at high risk for cardiac arrest during the surgical procedure;
- c. Failed to respond in a timely manner to the Plaintiff's Ward's cardiac arrest with the use of a defibrillator;
- d. Improperly administered a series of epinephrine injections without the intermittent use of a defibrillator in response to the Plaintiff's Ward's cardiac arrest;
- e. Failed to properly monitor the Plaintiff's Ward while the surgical procedure was in process;
- f. Failed to utilize the knowledge and skill of a reasonably well-qualified physician; or
- g. Failed to properly care for and treat the Plaintiff's Ward, JOHN JOHNSON.

10.    That Faye Turner was appointed Plenary Guardian of the Estate and Person of

JOHN JOHNSON, a disabled person and is authorized to have the care, management, and

investment of the Ward's estate and custody of the Ward and to do all acts required by law, in

accordance with the Letters of Office issued in the Estate of Johnson, 2007 P 008196, dated

January 17, 2008. (See Attached Exhibit "A" – Letters of Office – Plenary Guardian of Estate of

a Disabled Person, appointing Faye Turner January 17, 2008).

11.    That as a direct and proximate result of one or more of the aforesaid acts and/or

omissions of the Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, a division of

LOYOLA UNIVERSITY HEALTH SYSTEM, through the acts of its agents; employees,

servants and/or medical personnel, the Plaintiff's Ward, JOHN JOHNSON, was injured and

suffered damages of both a personal and pecuniary nature and continues to suffer damages of a personal and pecuniary nature, permanently.

12.    Pursuant to the requirements of 2-622 of the Code of Civil Procedure 735 ILCS 5/2-622, the Plaintiff attaches an Attorney's Affidavit and medical report.

WHEREFORE, the Plaintiff, FAYE TURNER, as Plenary Guardian of the Estate of JOHN JOHNSON, a disabled person, prays for judgment against the Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, a division of LOYOLA UNIVERSITY HEALTH SYSTEM, in a sum in excess of Seventy Five Thousand Dollars ($75,000.00).

Respectfully submitted,

**WINTERS ENRIGHT SALZETTA & O'BRIEN, L.L.C.**


/s/ John F. Winters, Jr.
John F. Winters, Jr., one of the attorneys for the Plaintiff

**Winters Enright Salzetta & O'Brien, L.L.C.**
111 West Washington Street, Suite 1200
Chicago, Illinois 60602
(312) 236-6324
(312) 236-6426 Fax
Firm ID No.:      37483


## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, hereby certifies that on October 14, 2009, the foregoing Plaintiff's Amended Complaint at Law was filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF electronic filing system which automatically transmitted a Notice of Electronic Filing to all ECF registrants.


/s/ Kathryn Wright
Kathryn Wright


21

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| FAYE TURNER, PLENARY GUARDIAN OF | ) | |
| THE ESTATE AND PERSON OF JOHN JOHNSON, | ) | |
| A DISABLED PERSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   1:09-CV-04606 |
| | ) | |
| UNITED STATES, ELIZABETH WALSH, DDS., | ) | |
| Individually, DARELL R. NEMEC, CRNA, | ) | |
| Individually, DR. SHERINE HANNA, Individually and | ) | |
| LOYOLA UNIVERSITY HEALTH SYSTEM, | ) | |
|     Defendants. | ) | |

<u>**AFFIDAVIT**</u>

I, John F. Winters, Jr., the affiant being duly sworn on oath, state:

1.    I am one of the attorneys responsible for the handling of this case.

2.    Our office has consulted with a physician that is board certified in anesthesiology and is familiar with the issues and procedures involved in this case; has practiced within the last 20 years in the same area of medicine that is at issue in this particular action; is qualified by experience in the subject of the case and who has reviewed the pertinent medical records and is of the opinion that the Defendants, Loyola University Health System and Dr. Sherine Hanna,  deviated from the standard of care in their treatment of the Plaintiff's ward, John Johnson.

3.    Based upon the aforesaid consultant's review, the Affiant has concluded that there is a reasonable and meritorious basis for filing this action against the Defendants.

John F. Winters, one of the attorneys for the Plaintiff

Subscribed and sworn to before me, this _____ day of October 2009.

Notary Public

Winters Enright Salzetta & O'Brien, L.L.C.
111 West Washington Street, Suite 1200
Chicago, Illinois 60602
(312) 236-6324 / (312) 236-6426 Fax
Firm ID No.:   37483

## **MEDICAL REPORT**

1.    I am a licensed physician practicing in medicine in all of its branches for more than 20 years. I am board certified in anesthesiology.

2.    I have reviewed the medical records from Hines V.A. Hospital and Loyola University Medical Center.

3.    It is my opinion based upon a reasonable degree of medical certainty that the Defendants, Dr. Sherine Hanna and Loyola Medical Center, by and through its agents and employees, deviated from the standard of care by:

     a.    Failed to adequately and appropriately review the medical history of the Plaintiff so as to determine if the Plaintiff was at high risk for a cardiac arrest;

     b.    Failed to place a defibrillator in the operating room, as a review of the past medical history of the Plaintiff, in particular his cardiac medical history, made it more than clear that the Plaintiff was at high risk for cardiac arrest during the surgical procedure;

     c.    Failed to respond in a timely manner to the Plaintiff's cardiac arrest with the use of a defibrillator;

     d.    Improperly administered a series of Epinephrine injections without the intermittent use of a defibrillator in response to the Plaintiff's cardiac arrest;

     e.    Failed to properly monitor the Plaintiff while the surgical procedure was in process;

     f.    Failed to utilize the knowledge and skill of reasonably well qualified physicians; or

     g.    Failed to properly care for and treat John Johnson.

4.    The failure of each of the above-named Defendants to properly treat the patient has caused damages of a personal and pecuniary nature resulting in injury to John Johnson.

5.    Based upon my review, I believe that there is a reasonable and meritorious basis for the filing of this action.

_____