```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

FAYE TURNER, Plenary Guardian of the )
Estate and Person of JOHN JOHNSON, a )
Disabled Person,                     )
                                     )
          Plaintiff,                 )
     v.                              )    No. 09 C 4606
                                     )
UNITED STATES OF AMERICA, LOYOLA     )
UNIVERSITY MEDICAL CENTER, and       )
LOYOLA UNIVERSITY HEALTH             )
SYSTEM,                              )
                                     )
          Defendants.

## MEMORANDUM OPINION AND ORDER

Defendant United States ("the government") moves to dismiss plaintiff Faye Turner's ("Turner's") claim against defendant Dr. Sherine Hanna ("Dr. Hanna") in her individual capacity, and to substitute the United States as the proper federal party in Dr. Hanna's place. For the reasons explained below, the motion is granted.

                            I.

This suit arises out of an incident that took place on September 19, 2007, at the Veterans Affairs Hospital ("the VA Hospital") in Hines, Illinois. On that date, Turner's brother, John Johnson ("Johnson"), underwent dental surgery at the VA Hospital. Dr. Hanna, an anaesthesiologist employed by the VA Hospital, performed a pre-operative evaluation of Johnson and determined that it might be necessary to perform a procedure referred to as "Awake Tracheal Intubation," which involves placing

a breathing tube in a patient's windpipe while he is awake. (The procedure is apparently used in cases where inserting a tube in a patient's windpipe presents unusual difficulty). During the time period in question, the VA Hospital was co-sponsoring a research study ("Awake Tracheal Intubation in Anticipated Difficult Airways: Fastrich v. Flexible Bronchoscope"), with the Department of Anaesthesiology at Loyola University Medical Center and Loyola University Health System (together, "Loyola"). Dr. Hanna -- who, in addition to her employment with the VA Hospital, was also employed part-time as an assistant professor in Loyola's Department of Anaesthesiology -- was the study's principal investigator. Dr. Hanna invited Johnson to participate in the study, and he agreed.

Although the details are not entirely clear, Johnson later suffered a cardiac arrest, which left him permanently and severely injured. Turner brought suit on Johnson's behalf in the Circuit Court of Cook County, Illinois. In addition to Loyola and the United States, Turner also sued Dr. Hanna in her individual capacity. The government subsequently removed the suit to this Court pursuant to the Federal Employees Liability Reform and Tort Compensation Act ("FELRTCA" or "the Act"), 28 U.S.C. § 2679.

Enacted as an amendment to the Federal Tort Claims Act, the FELRTCA limits the relief available to persons who are injured by government employees acting within the scope of their employment. *Ward v. Gordon*, 999 F.2d 1399, 1401 (9th Cir. 1993). In addition

to providing for the removal of actions from state to federal court, 28 U.S.C. § 2679(d)(2) the Act also provides that the government will be substituted as the proper defendant for individuals alleged to have caused injuries while working within the scope of their employment. Specifically, the Act provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).

The Attorney General's determination that an employee was working within the scope of her employment defendant is presumed to be correct, *see, e.g.*, *Hamrick v. Franklin*, 931 F.2d 1209, 1210 (7th Cir. 1991), and the plaintiff has the burden of coming forward with facts showing by a preponderance of the evidence that the defendant was acting outside the scope of her employment, *see, e.g.*, *Kannaby v. U.S. Army Corps of Eng'rs*, 53 Fed. App'x. 776, 778 (7th Cir. 2002). The question whether an employee's conduct falls within the scope of her employment is determined by reference to the law of the state in which the conduct at issue took place. *Id.* The key question here, therefore, is whether Dr. Hanna was acting within the scope of her employment with the VA Hospital at the time of the incident giving rise to this suit.

While "[n]o precise definition has been accorded the term 'scope of employment'" under Illinois law, several "broad criteria have been enunciated." *Id.* In particular, the Seventh Circuit has noted that, under Illinois law, "[a]n employee's action falls within the scope of employment if (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master." *Taboas v. Mlynczak*, 149 F.3d 576, 582 (7th Cir. 1998) (quotation marks omitted).

Under each of these criteria, there can be little doubt that Dr. Hanna was acting within the scope of her employment at the time of the accident. First, at the time of the incident, Dr. Hanna was plainly engaged in the kind of work that she was hired by the VA Hospital to perform (viz., administering anaesthesia). With respect to the second factor, there is no dispute that the incident occurred at the VA Hospital itself, and that Dr. Hanna's work therefore took place during the time and within the space authorized by her employment at the VA Hospital. Finally, as concerns the third criterion, it is clear that at time of the injury, Dr. Hanna was engaged in activity at least partially motivated to serve the VA Hospital.

Turner argues that the issue is more complicated because Dr. Hanna was employed by Loyola as well as the VA Hospital, and because the intubation study in which Johnson agreed to participate

was jointly sponsored by Loyola and the VA Hospital.  Moreover, Turner calls attention to the fact that the study's consent form lists Dr. Hanna's office phone number at Loyola as her daytime contact number.  According to Turner, this "would seem to indicate that this was DR. HANNA'S place of employment, the office wherein she worked in her capacity as an anesthesiologist physician." Resp. at 7.

None of these considerations suggests that Dr. Hanna was acting beyond the scope of her employment with the VA Hospital at the time that Johnson was injured.  The fact that Dr. Hanna might have had another job as a professor at Loyola is of no consequence. At most, this might be taken as an indication that Dr. Hanna was working within the scope of her employment with *both* the VA Hospital and Loyola at the time that Johnson was injured.  Even if this were true, however, Dr. Hanna would still have been acting within the scope of her employment with the VA Hospital.  Turner points to no authority -- and I have found none -- suggesting that the Act applies only where an employee was acting *exclusively* within the scope of her federal employment.

Nor does Johnson's participation in the research study cast any doubt upon the conclusion that Dr. Hanna was working within the scope of her employment when Johnson was injured.  As an initial matter, it is unclear why the research study should be relevant to determining the scope of Dr. Hanna's employment.  Turner alleges

that Johnson "was injured as a result of his participation in a clinical trial research program sponsored by the Department of Anesthesiology at Hines Hospital and Loyola Medical Center." Resp. at 12. As the government points out, however, Turner does not explain the connection between the study and Johnson's injuries. After all, Johnson went to the VA Hospital for the purpose of undergoing dental surgery; it was apparently only after Johnson had arrived that Dr. Hanna examined him and mentioned the study. More importantly, Turner does not claim that the intubation procedure played any role in causing Johnson's injury. Turner's complaint alleges that Johnson suffered a cardiac arrest at some point during the surgery. As the government points out, "there is not a single allegation in the second amended complaint or the attached physician's report that the "Awake Tracheal Intubation" used in the research study caused John Johnson's injuries." Reply at 2-3. "Rather," the government observes, "the complaint arises out of alleged acts or omissions by VA medical staff in connection with assessing Johnson's risk for cardiac arrest and their response to his cardiac arrest during surgery at Hines VA Hospital." *Id.* at 3. And even if Johnson's participation in the study were relevant to the issue, this would ultimately be of no help to Turner. As already noted, the study was jointly sponsored by the VA Hospital and Loyola. Thus, to the extent that the character of Dr. Hanna's employment were in some way determined by her involvement in the

research project, this would again show only that Dr. Hanna's actions were within the scope of her employment with *both* the VA Hospital and Loyola.

Turner requests an evidentiary hearing in order to investigate the matter further. In light of the foregoing considerations, however, it is clear that a hearing is unnecessary. The facts relevant to the issue are largely undisputed. Turner has failed to show how any of these facts might support the conclusion that Dr. Hanna was not acting within the scope of her employment with the VA Hospital at the time of the incident. Nor has Turner given any indication of how additional factual information might realistically lead to a different conclusion.

II.

For the reasons discussed above, I conclude that Dr. Hanna was working within the scope of her employment with the United States at the time of the accident. As a result, I grant the government's motion to dismiss Dr. Hanna as a defendant in her individual capacity and to substitute the United States as a party defendant in her place.

**ENTER ORDER:**

_____
 **Elaine E. Bucklo**
 United States District Judge

Dated: March 31, 2010